UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAMIEN GIBSON,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>SOUTHERN DESERT CORRECTIONAL CENTER, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:14-cv-01812-KJD-PAL<br><br>**ORDER**<br><br>(IFP Application – Dkt. #1) |

　　　　This matter is before the Court on Defendants' Status Report (Dkt. #9) and Plaintiff Damien Gibson's Application to Proceed *In Forma Pauperis* (Dkt. #1). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

　　　　This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner proceeding in this action *pro se*, which means that he is not represented by counsel. *See* LSR 2-1. The Court previously screened the Complaint and directed it be filed by the Clerk of the Court. *See* Screening Order (Dkt. #2). The Court's Screening Order imposed a 90-day stay and deferred a decision on Plaintiff's request to proceed *in forma pauperis* ("IFP"). *Id*. The Court entered a subsequent order scheduling a mediation conference. *See* Order (Dkt. #5). The minutes from the mediation conference indicate that settlement was not reached. *See* Mins of Proceedings (Dkt. #8). The Office of the Attorney General filed a Status Report (Dkt. #9) informing the Court of its intent to proceed with this action. The Court will now evaluate Plaintiff's IFP Application (Dkt. #1).

　　　　Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed IFP, meaning without prepaying

the full $350.00 filing fee.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). To do so, the facility having custody of the prisoner will forward payments from the prisoner's account each month. 28 U.S.C. § 1915(b)(2). Plaintiff is therefore advised that even if this action is dismissed, he must still pay the full $350.00 filing fee and the monthly payments from Plaintiff's account will continue until the balance is paid.

Here, Plaintiff has submitted an IFP Application (Dkt. #1), including the financial affidavit, financial certificate, and inmate account statement required by 28 U.S.C. § 1915(a)(2) and LSR 1-1 and 1-2. Plaintiff's financial affidavit shows that he is unable to prepay fees and costs or give security for them. Accordingly, the Court will grant his request to proceed IFP pursuant to § 1915(b) and Plaintiff will pay the $350 filing fee through monthly installments.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepaying the full filing fees or costs or giving other security therefor. This Order granting IFP status shall not extend to issuance and/or service of subpoenas at government expense.

2. Pursuant to 28 U.S.C. § 1915(b)(2), the Southern Desert Correctional Center shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent (20%) of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. Even if this action is dismissed, Plaintiff is advised that he must still pay the full $350.00 filing fee.

3. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and the Accounting Supervisor of the Southern Desert

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1  Correctional Center. If Plaintiff should be transferred, the Accounting Supervisor at Southern Desert Correctional Center is directed to send a copy of this Order to the new place of incarceration, indicating the amount that Plaintiff has paid towards his filing fee, so that funds may continue to be deducted from Plaintiff's account.

4. The Clerk of the Court shall electronically **SERVE** copies of: (i) this Order; (ii) the Court's Screening Order (Dkt. #2), and (iii) Plaintiff's Complaint (Dkt. #3) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

5. Subject to the findings of the Screening Order (Dkt. #2), the Attorney General's Office shall file a notice by **October 27, 2015**, advising the Court and Plaintiff of:
    a. the names of the Defendants for whom it *accepts service*;
    b. the names of the Defendants for whom it *does not accept service*, and
    c. the names of the Defendants for whom it is filing last-known-address information under seal.

    As to any of the named Defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those Defendant(s) for whom it has such information.

6. If service cannot be accepted for any of the named Defendant(s), Plaintiff shall file a motion identifying the unserved Defendant(s), requesting issuance of a summons, and specifying a full name and address for the Defendant(s). For the Defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the Defendant(s).

7. If the Attorney General accepts service of process for any named Defendant(s), such Defendant(s) shall file and serve an answer or other response to the Complaint no later than **December 7, 2015**. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

3

8. Going forward, Plaintiff shall serve upon Defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendant(s) or counsel for the Defendant(s). If counsel has entered a notice of appearance, the Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate showing proper service.

Dated this 8th day of October, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4