UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAMIEN GIBSON,<br><br>                              Plaintiff,<br>v.<br>SOUTHERN DESERT CORRECTIONAL CENTER, et al.,<br><br>                              Defendants. | Case No. 2:14-cv-01812-KJD-PAL<br><br>**ORDER**<br><br>(Mot. Ext. Discovery – ECF No. 17;<br>Mot. Alert Court – ECF No. 19) |

This matter is before the Court on Plaintiff Damien Gibson's Motion to Extend Discovery (ECF No. 17) and Motion for Leave to Alert the Court (ECF No. 19). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Gibson is a prisoner proceeding in this action *pro se*. The court previously screened the Complaint and directed Clerk of the Court to file it. *See* Screening Order (ECF No. 2). The court's Screening Order deferred a decision on Mr. Gibson's request to proceed *in forma pauperis* ("IFP") and imposed a 90-day stay to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id*. However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins of Proceedings (ECF No. 8); Status Report (ECF No. 9). The court subsequently granted Mr. Gibson' IFP Application (ECF No. 1) and directed service of the complaint. *See* Order (ECF No. 11). On October 15, 201, the Nevada Office of the Attorney General accepted service on behalf of Defendants Francisco Sanchez, Benedicto Gutierrez, Brian Williams, Minor Adams, Scott Sisco, and Jose Navarette (the "NDOC Defendants"). *See* Notice

1 Acceptance of Service (ECF No. 12).  The NDOC Defendants filed their Answer (ECF No. 13)
2 to the Complaint on December 4, 2015.

3 The parties jointly submitted a proposed Discovery Plan and Scheduling Order (ECF
4 No. 14) on January 20, 2016.  The court entered the Scheduling Order (ECF No. 15) directing
5 that discovery in this action shall be completed 180 days from the date of the Order, which is
6 August 30, 2016.  The court's docket indicates that the Clerk of the Court mailed notice of the
7 scheduling order to Mr. Gibson at the Southern Desert Correctional Center.

8 Mr. Gibson's Motion to Extend Discovery (ECF No. 17), filed July 11, 2016, states that
9 he never received notification that the court entered a scheduling order beginning discovery.
10 Thus, he asks the court to grant an extension or issue a new scheduling order.  The NDOC
11 Defendants filed an Opposition (ECF No. 18) arguing that Mr. Gibson's request fails to comply
12 with LR 26-4's requirement that motions to extend discovery deadlines include a statement
13 providing a specific description of the discovery that remains to be completed and a proposed
14 schedule for completing all remaining discovery.  The NDOC Defendants also assert that an
15 extension of the discovery deadlines would unnecessarily delay the pleadings.  Mr. Gibson did
16 not file a reply and the deadline for doing so has now passed.

17 When a request is made to modify a discovery plan and scheduling order before the
18 expiration of the deadlines therein, a district court may extend the discovery deadlines upon a
19 showing of "good cause."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).
20 The good cause standard "primarily considers the diligence of the party seeking the amendment."
21 *Id*.  Discovery extensions may be allowed if the deadlines "cannot reasonably be met despite the
22 diligence of the party seeking the extension."  *Id*.  Additionally, any motion or stipulation to
23 extend a deadline or to reopen discovery must comply with LR 26-4 and LR IA 6-1 of the Local
24 Rules of Practice, and include the following:

> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,

2

(d) A proposed schedule for completing all remaining discovery.

*See* LR 26-4.

Mr. Gibson's Motion (ECF No. 17) does not establish good cause for a discovery extension. It is unclear from the Motion how he claims he eventually learned that the scheduling order was entered March 3, 2016. However, the court's docket indicates that the Clerk of the Court mailed notice of the scheduling order to Mr. Gibson at the Southern Desert Correctional Center upon entry of the order. Mr. Gibson's participated in drafting of the proposed discovery plan and scheduling order in January 2016 which certainly placed him notice that discovery was about to begin. Counsel for the NDOC Defendants represents that Mr. Gibson did not contact him in the six months since then. Opp'n (ECF No. 18) at 2:10–12. Although the Motion was filed almost 60 days before the close of discovery, the court cannot Mr. Gibson's six months of inaction cannot be ignored. Additionally, the Motion fails to state the specific discovery he needs to complete or propose a schedule to complete his discovery as required by LR 26-4. The Motion is denied.

Mr. Gibson has also filed a Motion (ECF No. 19) requesting leave for the sole purpose of alerting the court that he is exercising his right to discovery; it does not request any relief from the court.

Accordingly,

**IT IS ORDERED:** Plaintiff Damien Gibson's Motion to Extend Discovery (ECF No. 17) is DENIED and Motion for Leave to Alert the Court (ECF No. 19) is DENIED as no relief is sought from the court.

Dated this 23nd day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE