# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAMIEN GIBSON,

    Plaintiff,

v.

SOUTHERN DESERT CORRECTIONAL CENTER, et al.,

    Defendants.

Case No. 2:14-cv-01812-KJD-PAL

**ORDER**

Presently before the Court is Defendants' Motion for Summary Judgement (#21). Plaintiff Damien Gibson filed a response in opposition (#25) to which Defendants replied (#26). Also before the Court is Defendants' Motion to Strike (#29). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition. Therefore, in accordance with Local Rule 7-2(d), and good cause being found, the motion to strike is granted.

<u>I. Background</u>

On December 12, 2012, Gibson stepped on a rock in the yard at SDCC and thereafter had pain in his left foot. On January 11, 2013 he requested a medical appointment. On January 18, 2013, while in medical for a regularly scheduled appointment, Gibson told Defendant Gutierrez, a nurse, about his foot pain. Gutierrez said he would relay the message to the doctor. Gibson saw the doctor,

Defendant Sanchez, on January 28, 2013, who diagnosed Gibson with plantar fasciitis. Dr. Sanchez recommended a conservative treatment plan of rest, ibuprofen for pain management, and a topical pain reliever. After continued pain, Gibson's foot was x-rayed on March 20, 2013. The medical staff agreed that there was a medical problem with Gibson's foot, but the x-rays showed no apparent damage, injury, or abnormalities to Gibson's foot. Follow up visits continued to recommend the same conservative treatment of ibuprofen and topical pain reliever, with the additional guideline to rest and avoid prolonged standing or walking.

On April 16, 2013, Sanchez told Gibson that special shoes with better arch support might alleviate his pain and suggested he contact the warden to request a "shoe chronicle." On April 22, 2013, Warden Williams responded to Gibson's inquiry that "if medical has determined that you need a special shoe, it is their responsibility to provide a medical shoe." (#3 at 85). Gibson went to medical appointments on May 19 and 30, which he thought would lead to ordering his shoes. Medical was unable to directly obtain the "New Balance" shoes that Gibson required.

Sanchez gave Gibson permission to order a pair of New Balance shoes, and sent a letter to the property room to that effect. (#3 at 91). An upheld grievance report dated May 31, 2013, confirmed that Gibson was authorized to order New Balance shoes for his medical need.

In July, Gibson was seen by an outside orthopedist, Dr. Wolf, who confirmed Dr. Sanchez's diagnosis of plantar fasciitis. Dr. Wolf recommended ibuprofen, a splint to be worn at night, and stretching exercises, a treatment regime in line with the guidance he had received from SDCC medical staff. At medical appointments in July and September, Gibson's pain medications were refilled. At the September medical appointment, Gibson's foot showed improvement, both in reported pain and in observed ambulation.

In December 2013, Gibson's mother ordered him a pair of shoes which were delivered to SDCC. These shoes were returned to the sender on December 19, 2013, without any notification to

Gibson that they had arrived and been rejected. On January 23, 2014, Gibson went to the property room to inquire about his shoes. Navarette told him they had previously arrived but been sent back.

Plaintiff then filed the present complaint. An initial screening order reviewed Gibson's complaint and allowed two claims to proceed: (1) a deliberate indifference to serious medical needs claim against Sanchez, Gutierrez, Williams, Adams, Sisco, and Navarette; and (2) a due process claim against Williams, Adams, Navarette, and Sisco. (#2 at 8).

II. Summary judgment standard

The Court properly grants summary judgment when the record demonstrates that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, 477 U.S. 242, 248–49 (1986).

A dispute is "genuine" only where a sufficient evidentiary basis would allow a reasonable jury to find for the nonmoving party. Id. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" Aydin Corp. v. Loral Corp., 718 F.2d 897, 902 (9th Cir. 1983) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288– 89 (1968)). The plaintiff bears the burden to produce evidence to defeat a properly supported motion for summary judgment by showing there are genuine issues of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986). Even when such evidence would be in the possession of the defense, the plaintiff must use discovery to produce evidence, or summary judgment may be granted. Id.

Evidence must be viewed in a light most favorable to the opponent of the motion, and all reasonable inferences must be drawn in his favor. U.S. ex rel. Anderson v. N. Telecom, Inc., 52 F.3d 810, 815 (9th Cir. 1995), as amended (May 26, 1995) (citing T.W. Elec. Svc., Inc. v. Pacific Elec.

Contractors Ass'n, 809 F.2d 626 630-31 (9th Cir. 1987)). However, inferences are limited to those upon which a reasonable jury might return a verdict. Id.

III. Discussion

Defendants have now moved for summary judgment on all claims. They argue: (1) that they are not liable in their official capacity; and (2) that they are entitled to qualified immunity. Defendants also deny: (3) that they were deliberately indifferent to Gibson's serious medical need; and (4) that they denied Gibson due process rights.

A. Official capacity claims

Liability under 42 U.S.C. §1983 arises only upon personal participation by the defendant. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (alteration in original) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.

States are not "persons" within the meaning of 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-70 (1989). A plaintiff cannot maintain a § 1983 action against a state. Id. When a state official is sued in their official capacity, the suit is not truly brought against the official, but against the official's office. Id. at 71. Such an action, therefore, is effectively a suit against the state itself. Id. Therefore, a Section 1983 action cannot be properly brought against the state or a state official acting in his or her official capacity, regardless of whether the complaint is filed in state or federal court. Id. at 64-71.

In his initial complaint, Gibson sued all defendants in both their individual and official capacities. Since section 1983 actions cannot be maintained against persons in their official capacities, all claims against Defendants in their official capacities are dismissed with prejudice.

B. Qualified Immunity

Qualified immunity protects Section 1983 defendants from civil liability when performing discretionary functions, unless such conduct violates clearly established rights of which they should reasonably be aware. Jackson v. City of Bremerton, 268 F.3d 646, 650 (9th Cir. 2001). If a constitutional violation in fact occurred, a secondary inquiry must evaluate if the defendant could have "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right." Id. at 651.

The plaintiff bears the burden of proving that a right allegedly violated was clearly established at the time of the alleged misconduct. Baker v. Racanscy, 887 F.2d 183, 186 (9th Cir. 1989) (citing Davis v. Scherer, 468 U.S. 183, 197 (1984)). If the plaintiff carries this burden, then the defendants must prove that their conduct was reasonable even though it might have violated constitutional standards. Romero v. Kitsap Cty., 931 F.2d 624, 627 (9th Cir. 1991).

Determining whether a state officer could have reasonably believed their conduct was lawful is a fact-specific objective test. Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir. 1988). Qualified immunity protects government officials from liability for good faith misjudgments and mistakes. See Butz v. Economou, 438 U.S. 478, 507 (1978). Once a court determines the law is clearly established, it may then "determine if there are genuine issues of material fact surrounding the reasonableness of the [official's] conduct." Romero v. Kitsap Cty., 931 F.2d 624, 628 (9th Cir. 1991).

Qualified immunity does not apply if clear rules were violated and the official's actions are clearly unreasonable. Gibson has cited administrative regulations that require he be notified of

unauthorized packages and be given an opportunity to dispute their unauthorized status.[1] Once a rule is established, reasonableness must be evaluated, subject to uncertainty about material facts. Id. Gibson attempts to create issues of material fact, including: whether the package came from an authorized vendor, the reasons the mail room did not notify Gibson of the package's arrival, and the reasons why the wardens, Williams and Adams, told the property room not to accept shoes from outside vendors.

However, any factual uncertainty arises because Gibson has not met his burden in opposing the motion for summary judgment with admissible evidence supporting his version of events. Neither side disputes that packages must come from an authorized vendor distribution center. AR 711(6)(D). However, Gibson provided no evidence that his package came from an authorized vendor. Without proof that the SDCC staff improperly rejected the package arriving for Gibson, there is no evidence that the SDCC staff violated a clearly established right. Errors in administering the mail room, if any, do not constitute the "clear rules" needed to negate qualified immunity. Administrative errors, by themselves, do not rise to the level of constitutional violations.

Additionally, the medical care Gibson received was appropriate. The medical personnel treating Gibson did not deny or delay his treatment. There is no evidence Gibson's Eighth Amendment constitutional rights were violated. In fact, Defendants have adduced clear evidence that they acted reasonably. Gibson has not raised any genuine issue of material fact that if resolved in his favor would result in liability under the Eighth Amendment. Evidence that Plaintiff suffered from a chronic medical condition is not, by itself, evidence of an Eighth Amendment violation. Therefore, Defendants are entitled to qualified immunity and the motion for summary judgment is granted.

---

[1] "If any item of mail addressed to an inmate is rejected for any reason the inmate shall receive written notice that describes the rejected item, states the reason it was rejected, notifies the inmate of his right to appeal through the grievance process in accordance with Administrative Regulation 740, and notifies the sender of his right to appeal . . . ." AR 750.06(1).

### C. Deliberate indifference to a serious medical need

Even if the Court did not find that Defendants were entitled to qualified immunity, Gibson has not met his burden to show prison officials were deliberately indifferent to his serious medical needs. To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference has a two part test. McGuckin v. Smith, 974 F.2d 1050 (9th Cir.1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (quoting Estelle, 429 U.S. at 104). Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096.

Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment. Id. at 1096. Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under Section 1983. McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 105); Jett, 439 F.3d at 1096. Substantial harm to the inmate is not required. Id. Poor medical treatment may, at some point, rise to the level of constitutional violation, but mere malpractice, or even gross negligence, does not suffice. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

To any extent Defendants argue that Gibson's medical need was not serious, the Court disagrees. Gibson did experience ongoing foot pain which proper treatment may have alleviated. Pain inflicted "when relief is readily available" is actionable regardless of lasting impact. Boretti v. Wiscomb, 930 F.2d 1150, 1155 (6th Cir. 1991). Looking at the facts in a light most favorable to non-movant, the Court presumes that Gibson's foot pain constitutes a serious medical need.

7

Dr. Sanchez prescribed New Balance shoes which Gibson's mother attempted to order for him. The Inmate Property Manual states that inmates may only receive packages directly from an approved vendor. AR 711(6)(D); (#22-11 at 2). Gibson produced no evidence that the shoes came from an approved vendor. Defendants adduced evidence that the package arrived directly from Gibson's mother. It is Gibson's burden to produce evidence showing a genuine issue of material fact, which he has not done. Gibson's lack of evidence leaves no genuine issues of material fact for trial. Without evidence Gibson's medical shoes were improperly rejected, there is no evidence that such rejection was deliberate indifference.

### 1. Sanchez

Dr. Sanchez examined and treated Gibson repeatedly. Dr. Sanchez's diagnosis of plantar fasciitis was confirmed by outside specialist Dr. Wolf. Sanchez did not deny, delay, or interfere with Gibson's treatment. While Gibson may not agree with the treatment he received from Sanchez, there is no evidence it violated any of Gibson's rights. Even malpractice or gross negligence is insufficient to find deliberate indifference. Wood, 900 F.2d at 1334. The undisputed evidence shows that Sanchez's treatment was at a high level that rose well above malpractice or gross negligence. The Court grants summary judgment on Gibson's claim of deliberate indifference against Dr. Sanchez.

### 2. Gutierrez

Gutierrez's situation is similar to that of Dr. Sanchez. Gutierrez's treatment of Gibson was reasonable. Gutierrez did not deny, delay, or interfere with Gibson's treatment. While Gutierrez denied one of Gibson's grievances, that action was not related to the violation of any of Gibson's constitutional rights. A prison official's "denial of a grievance does not in and of itself rise to the level of a constitutional violation." Williams v. Wood, 223 F. App'x 670, 672 (9th Cir. 2007). Gibson has not identified any other action by Gutierrez which violated Gibson's Eighth Amendment rights. Therefore, Gutierrez is granted summary judgment on Gibson's claim of deliberate

indifference.

### 3. Williams

Williams was aware of Gibson's medical issue and had responded to his request for shoes indicating that medical should provide shoes if they were needed. However, even conceding that Williams spoke to the property room to expressly deny receipt of outside shoes shortly before Gibson's shoes arrived, there is no evidence that such guidance was contrary to policy or violated Gibson's rights. Gibson was required to submit admissible evidence showing genuine issues of material fact for trial. He has not met that burden. There is no evidence the shoes were improperly rejected, or rejected with a malicious intent. Without evidence of improper rejection there is no evidence of deliberate indifference. Therefore, the Court grants William's motion for summary judgment on Gibson's claim that he was deliberately indifferent to Gibson's serious medical needs.

### 4. Adams

Similarly, Gibson adduced evidence that Adams spoke to the property room and instructed them to deny receipt of outside shoes. However, it is Gibson's burden at summary judgment to show facts from which at least malice could be inferred. Gibson produced no evidence that Adams was aware of Gibson's medical issue. Gibson has not identified personal actions by Adams which denied Gibson any constitutional rights. There is no evidence that his shoes were improperly rejected. Gibson has not met his burden to show Adams improperly denied, or delayed Gibson's medical treatment and therefore Adams was not deliberately indifferent. Therefore, the Court grants Adams's motion for summary judgment on Gibson's claim that he was deliberately indifferent to Gibson's serious medical needs.

### 5. Sisco

Gibson's only allegation pertaining to Deputy Director Sisco is that Sisco denied one of his grievances. Responding to a grievance, without more, is not sufficient to find liability under Section 1983. See Williams, 223 F. App'x at 672. Gibson has not raised genuine issues of material

fact that any personal actions of Sisco would constitute violations of Gibson's rights. Accordingly, the Court grants Sisco's motion for summary judgment on Gibson's claim that he was deliberately indifferent to Gibson's serious medical needs.

### 6. Navarette

Navarette was in charge of the property room, and acknowledged that he rejected the unauthorized package, presumably with Gibson's New Balance shoes. Gibson has produced evidence that Navarette did not inform Gibson of the package's arrival. However, even looking at the facts in a light most favorable to Gibson, the failure to follow the administrative procedure (notifying Gibson that the package had arrived and been rejected) without a link to an unconstitutional motive to deny or delay Gibson's medical care does not meet the standard of deliberate indifference. See Wood, 900 F.2d at 1334.

While Gibson produced evidence that property was informed of his authorization to receive shoes for medical reasons, Gibson offered no evidence that Navarette knew of that notification, nor evidence he knew the shoes arriving for Gibson were for medical purposes. In the absence of evidence the shoes were improperly rejected, or that Navarett knew the shoes were for a medical need, there is no basis to suggest Navarette's actions were deliberately indifferent. Summary judgment for Navarette on Gibson's claim of deliberate indifference is granted.

### D. Due process violation

Finally, the Court must consider whether denying Gibson his shoes violated his due process rights. Neither a negligent, nor intentional, unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985); Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Nevada provides tort remedies for the unlawful deprivation of prisoner's personal property. See NRS 41.031. NRS 41.0322(3) applies to inmate claims for "loss of the person's personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031." Berry v. Feil, 357 P.3d 344, 347–48 (Nev. App. 2015). In Hudson, the Court noted that a state "remedy was entirely adequate to satisfy due process, even though . . .it might not provide respondent all the relief to which he might have been entitled under § 1983." Hudson v. Palmer, 468 U.S. 517, 531 n.11 (1984). The purpose of tort litigation for prisoners is to compensate them for their wrongs, including deprivations of constitutional rights. See Carey v. Piphus, 435 U.S. 247, 260–61 (1978).

The Court considers Gibson's due process rights in relation to two claims: (1) his property right in receiving his shoes; and (2) his serious medical needs.

Gibson has not met his burden to raise genuine issues of material fact showing that his property right in the shoes was harmed. The package sent to Gibson was returned to the sender, which Gibson does not dispute. There is a non-material disagreement between the parties about whether that sender was a vendor or Gibson's mother. Regardless of the sender, there is no evidence that the shoes were lost. Even if the shoes had been lost, and it was the fault of SDCC, there are existing remedies in Nevada law for Gibson's compensation. Berry, 357 P.3d at 347-48. Gibson's action for due process violations based on his property rights in the shoe package he did not receive is dismissed.[2]

For Gibson's medical need, denial of due process would only arise as part of deliberate indifference to Gibson's medical need. Gibson argues that the deprivation of his due process rights demonstrates the Defendant's deliberate indifference. However, there is no evidence that Gibson's

---

[2] It is not clear from the evidence and facts before the court if Gibson even has a property right in the shoes. His mother purchased them and arranged to send them to Gibson, but he never received them. Actual or constructive delivery of the gift to the donee is required to transfer ownership. In re Irrevocable Trust Agreement of 1979, 331 P.3d 881, 885 (2014). Thus, any property right in the shoes reasonably belonged to Gibson's mother and not to Gibson.

11

shoes were unreasonably rejected. Gibson has not met his burden to adduce facts showing the shoes came from an authorized vendor. Without evidence that SDCC officials acted unreasonably, or contrary to policy, Gibson's claim fails. Any failure to follow Administrative Regulations regarding the logistical handling of Gibson's package, even if true, would not rise to the level of deliberate indifference, nor raise a constitutional due process claim.

### 1. Williams, Adams, and Navarette

While Wardens Williams and Adams, and property manager Navarette, were each involved in deciding how to handle Gibson's unauthorized package, Gibson has not presented evidence that they improperly rejected his package, or that they were deliberately indifferent. While the property room had been notified of Gibson's authorization to receive shoes from an authorized vendor, there is no evidence that Navarette knew of that authorization, or that the package was related to Gibson's serious medical need. Without evidence that anyone violated materially significant rules, Gibson has produced no evidence of violation of his constitutional due process rights. Summary judgment for Williams, Adams, and Navarette on Gibson's due process claim is granted.

### 2. Sisco

Gibson's only allegation pertaining to Deputy Director Sisco is that Sisco denied one of his grievances. Responding to a grievance is an essential part of meeting a prisoner's due process rights. Gibson has not identified, with admissible evidence, any actions personally taken by Sisco affecting the receipt of Gibson's shoes. Accordingly, Sisco is granted summary judgment on Gibson's due process claim.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (#21) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (#29) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court **STRIKE** Plaintiff's Sur-reply (#28);

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 14th day of September 2017.

_____
Kent J. Dawson
United States District Judge